**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1678**

_____

MINA ABDELMASEH ABDELSHAHED KHALIL,

              Petitioner,

        v.

DANA JAMES BOENTE, Acting Attorney General,

              Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  January 24, 2017          Decided:  January 31, 2017

_____

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Saher J. Macarius, Audrey Botros, LAW OFFICE OF SAHER J. MACARIUS, Framingham, Massachusetts, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, William C. Minick, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mina Abdelmaseh Abdelshahed Khalil, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). For the reasons set forth below, we deny the petition for review.

The Immigration and Naturalization Act (INA) vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011). A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2012). An asylum applicant has the burden of proving that he satisfies the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. He may satisfy this burden by showing that he was subjected to past persecution or that he has a well-founded fear of persecution on account of a protected ground. See 8 C.F.R. § 208.13(b)(1) (2016). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution. Djadjou, 662 F.3d at 272.

2

If the applicant is unable to establish that he was the victim of past persecution, he must establish a well-founded fear of future persecution. A well-founded fear of persecution has a subjective and objective component. Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010). The subjective component requires the applicant to show a genuine fear of persecution. The objective component requires the applicant to show with specific and concrete facts that a reasonable person in like circumstances would fear persecution. Id.

An applicant faces a heightened burden of proof to qualify for withholding of removal to a particular country under the INA because he must show a clear probability of persecution on account of a protected ground. Djadjou, 662 F.3d at 272. If the applicant cannot demonstrate asylum eligibility, his application for withholding of removal will necessarily fail as well. Id.

Because the Board "issued its own opinion without adopting the IJ's opinion . . . we review that opinion and not the opinion of the IJ." Martinez v. Holder, 740 F.3d 902, 908 (4th Cir. 2014). We will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. Djadjou, 662 F.3d at 273. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Id.

3

"Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary." Id. (internal quotation marks omitted).

An adverse credibility determination, as was made in this case, must be supported by specific, cogent reasons. Djadjou, 662 F.3d at 273. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate reasons for making an adverse credibility determination. Id. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the agency to make an adverse credibility determination as to the applicant's entire testimony regarding past persecution. Id. at 273-74.

We conclude that substantial evidence supports the agency's adverse credibility finding and that Khalil's corroborating evidence was insufficient to support his asylum claim. We also conclude that substantial evidence supports the finding that Khalil did not show a pattern or practice of persecuting Coptic Christians. Because Khalil did not establish eligibility for asylum, he is also ineligible for withholding of removal. Id. at 272. Because Khalil fails to challenge the Board's finding that he waived review of the denial of protection under the CAT, he has waived review in this court. See Tiscareno-Garcia v.

4

Holder, 780 F.3d 205, 210 (4th Cir. 2015); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED